IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PLUSPHARMA INCORPORATED   :
2460 Coral Street       :
Vista, CA 92081,       :
      Plaintiff,   :
           :
   v.       :  No. 05-CV-2439
           :
FRUTAROM USA INC.     :
9500 Railroad Avenue     :
North Bergen, NJ 07047-1206,   :
     Defendant.  :

## COMPLAINT

   PlusPharma Incorporated ("PlusPharma") asserts the following claims against Frutarom USA Inc. ("Frutarom").

## The Parties

   1.  PlusPharma is a California corporation with its principal place of business in Vista, California.

   2.  Frutarom is a New Jersey corporation with its principal place of business in North Bergen, New Jersey.

## Jurisdiction and Venue

   3.  Jurisdiction over the subject matter of this action is founded upon 28 U.S.C. § 1332, because the parties are of diverse citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This Court also has jurisdiction over the subject matter of Count IX under 28 U.S.C. §§ 1331 and 1337(a), because it asserts a federal antitrust claim arising under 15 U.S.C. §§ 13(a) and 15(a), and over the subject matter of Counts I through VIII under 28 U.S.C. § 1367(a), because those claims are part of the same case or controversy as the federal question claim asserted in Count IX.

4.      Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b) and (c), because Frutarom is subject to personal jurisdiction in this district and is therefore deemed to reside here. Frutarom does business in the Eastern District of Pennsylvania by selling to customers here.

### Background

5.      PlusPharma is a distributor of pharmaceuticals and nutritional supplements.

6.      In 1998, PlusPharma's predecessor entered into a Distributorship Agreement with a Swiss company called Emil Flachsmann AG ("Flachsmann") for the sale of such products throughout the United States.

7.      In 2003, Flachsmann was acquired by Frutarom's multinational parent company and was renamed Frutarom Switzerland, Ltd. ("Swiss-Frutarom").

8.      Frutarom already had a sales force of its own in the United States.

9.      Accordingly, by letter dated June 14, 2004, Swiss-Frutarom advised PlusPharma that its Distributorship Agreement would be terminated as of October 1, 2004.

10.     However, Swiss-Frutarom invited PlusPharma to negotiate a new more limited distribution agreement with Frutarom.

11.     During those negotiations, Frutarom asked for confidential information regarding PlusPharma's customers.

12.     PlusPharma agreed to provide the requested information, but only subject to the protection of a written agreement precluding its disclosure or unilateral use by Frutarom.

13.     Accordingly PlusPharma and Frutarom entered into a Mutual Nondisclosure Agreement ("Agreement"), a copy of which is attached hereto as Exhibit A.

14.     Thereafter, PlusPharma provided confidential and proprietary customer information ("Confidential Information") to Frutarom.

15.     The Agreement expressly prohibited Frutarom from disclosing or unilaterally using any of that Confidential Information for a period of at least five years.

16.     Nevertheless, Frutarom has misappropriated the Confidential Information and is using it to unfairly compete against PlusPharma.

**COUNT I**
**BREACH OF CONTRACT**

17.     Paragraphs 1 through 16 above are incorporated herein by reference.

18.     The Agreement is a valid enforceable contract.

19.     PlusPharma has complied with all of its obligations under the Agreement.

20.     Frutarom has breached its obligations under the Agreement by using the Confidential Information for its own unauthorized purposes.

21.     PlusPharma has suffered damages as a result of Frutarom's breach of the Agreement.

WHEREFORE, PlusPharma demands that judgment be entered in its favor and against Frutarom in an amount to be determined at trial, currently believed to be at least several million dollars, together with interest, costs, and such other and further relief as this Court deems appropriate, and that the Court permanently enjoin Frutarom from using the Confidential Information or disclosing it to any third party.

**COUNT II**
**BREACH OF DUTY OF**
**GOOD FAITH AND FAIR DEALING**

22.     Paragraphs 1 through 21 above are incorporated herein by reference.

23.     Frutarom owed a duty to PlusPharma to perform its obligations under the Agreement and to otherwise conduct itself in accordance with the implied duty of good faith and fair dealing.

24.     Frutarom breached its duty of good faith and fair dealing to PlusPharma by, among other things, using the false enticement of a new distribution agreement to procure the Confidential Information and bypass PlusPharma by selling directly to its existing customers.

25.     As a direct result of Frutarom's breach of the covenant of good faith and fair dealing, PlusPharma has suffered damages.

WHEREFORE, PlusPharma demands that judgment be entered in its favor in an amount to be determined at trial, currently believed to be at least several million dollars, together with interest, costs, and such other and further relief as this Court deems appropriate, and that the Court permanently enjoin Frutarom from using the Confidential Information or disclosing it to any third party.

## COUNT III
## BREACH OF FIDUCIARY DUTY

26.     Paragraphs 1 through 25 above are incorporated herein by reference.

27.     Pursuant to the Agreement, Frutarom owed a fiduciary duty to PlusPharma to protect and not misappropriate PlusPharma's Confidential Information.

28.     Frutarom breached its fiduciary duty to PlusPharma by improperly utilizing its position of trust to procure the Confidential Information and then use it for Frutarom's own adverse purposes.

29.     Frutarom has used and continues to use the Confidential Information with the specific intent of excluding PlusPharma from sales to its customers in order to realize more profit for itself.

30.     PlusPharma has suffered damages as a direct result of Frutarom's breach of fiduciary duties.

WHEREFORE, PlusPharma demands that judgment be entered in its favor in an amount to be determined at trial, currently believed to be at least several million dollars, together with punitive damages, interest, costs, and such other and further relief as this Court deems appropriate, that the Court grant the equitable remedy of a constructive trust in favor of PlusPharma and against Frutarom, in an amount equal to the amount by which Frutarom has been unjustly enriched by its misconduct, and that the Court permanently enjoin Frutarom from using the Confidential Information or disclosing it to any third party.

## COUNT IV
## TORTIOUS INTERFERENCE WITH
## <u>EXISTING CONTRACTUAL RELATIONS</u>

31.     Paragraphs 1 through 30 above are incorporated herein by reference.

32.     PlusPharma had existing contractual relations with numerous customers for products similar to those sold by Frutarom.

33.     Frutarom knew of those existing contractual relations from the Confidential Information it received.

34.     Frutarom purposefully and improperly obtained the Confidential Information with the intention of interfering with PlusPharma's existing contractual relations with its customers.

35.     Frutarom has used the Confidential Information to interfere with those existing contractual relations.

36.     Frutarom's interference was without justification or excuse.

37.     PlusPharma has lost existing contractual relations with its customers as a direct result of Frutarom's wrongful interference.

38.     PlusPharma has suffered actual legal damages as a direct result of Frutarom's tortious conduct.

WHEREFORE, PlusPharma demands that judgment be entered in its favor in an amount to be determined at trial, currently believed to be at least several million dollars, together with punitive damages, interest, costs, and such other and further relief as this Court deems appropriate, that the Court grant the equitable remedy of a constructive trust in favor of PlusPharma and against Frutarom, in an amount equal to the amount by which Frutarom has been unjustly enriched by its misconduct, and that the Court permanently enjoin Frutarom from using the Confidential Information or disclosing it to any third party.

**COUNT V**
**TORTIOUS INTERFERENCE WITH**
**PROSPECTIVE ECONOMIC ADVANTAGE**

39.     Paragraphs 1 through 38 above are incorporated herein by reference.

40.     PlusPharma had prospective contractual relations with numerous customers for products similar to those sold by Frutarom.

41.     PlusPharma had a reasonable expectation of economic advantage from those prospective contractual relations.

42.     Frutarom purposefully and improperly obtained the Confidential Information with the intention of interfering with PlusPharma's prospective economic advantage.

43.     Frutarom has used the Confidential Information to interfere with that prospective economic advantage.

44.     Frutarom's interference was without justification or excuse.

45.     But for Frutarom's wrongful interference, PlusPharma would have received the anticipated economic benefits of its prospective contractual relations.

46.     PlusPharma has suffered actual legal damages as a direct result of Frutarom's tortious conduct.

WHEREFORE, PlusPharma demands that judgment be entered in its favor in an amount to be determined at trial, currently believed to be at least several million dollars, together with punitive damages, interest, costs, and such other and further relief as this Court deems appropriate, that the Court grant the equitable remedy of a constructive trust in favor of PlusPharma and against Frutarom, in an amount equal to the amount by which Frutarom has been unjustly enriched by its misconduct, and that the Court permanently enjoin Frutarom from using the Confidential Information or disclosing it to any third party.

## COUNT VI
## FRAUDULENT MISREPRESENTATION

47.     Paragraphs 1 through 46 above are incorporated herein by reference.

48.     Prior to entering into the Agreement, Frutarom represented to PlusPharma that Frutarom intended to enter into a new distribution agreement with PlusPharma and would not use the Confidential Information to compete with PlusPharma.

49.     Frutarom's representations were false when made and Frutarom was aware of their falsity.

50.     Frutarom made the representations with the specific intent to induce PlusPharma to provide Frutarom with the Confidential Information.

51.     The false representations were material to PlusPharma's decision to enter into the Agreement and disclose the Confidential Information to Frutarom.

52.     Justifiably relying on the false representations, PlusPharma entered into the Agreement and disclosed the Confidential Information to Frutarom.

53.     Frutarom has used and continues to use the Confidential Information to compete with PlusPharma and to otherwise tortiously interfere with PlusPharma's existing and prospective contractual relations with its customers.

54.     PlusPharma has suffered damages as a direct result of Frutarom's fraudulent conduct.

WHEREFORE, PlusPharma demands that judgment be entered in its favor in an amount to be determined at trial, currently believed to be at least several million dollars, together with punitive damages, interest, costs, and such other and further relief as this Court deems appropriate, that the Court grant the equitable remedy of a constructive trust in favor of PlusPharma and against Frutarom, in an amount equal to the amount by which Frutarom has been unjustly enriched by its misconduct, and that the Court permanently enjoin Frutarom from using the Confidential Information or disclosing it to any third party.

## COUNT VII
## MISAPPROPRIATION OF TRADE SECRETS

55.     Paragraphs 1 through 54 above are incorporated herein by reference.

56.     Through its fraudulent and other tortious conduct described above, Frutarom improperly procured trade secrets from PlusPharma.

57.     Frutarom improperly used the confidence reposed in it by PlusPharma to obtain the proprietary information necessary for it to advance a rival business interest and to otherwise interfere with PlusPharma's existing and prospective business relationships with its customers.

58.     PlusPharma has suffered damages as a direct result of Frutarom's possession, disclosure and use of the trade secrets.

WHEREFORE, PlusPharma demands that judgment be entered in its favor in an amount to be determined at trial, currently believed to be at least several million dollars, together with punitive damages, interest, costs, and such other and further relief as this Court deems appropriate, that the Court grant the equitable remedy of a constructive trust in favor of PlusPharma and against Frutarom, in an amount equal to the amount by which Frutarom has been unjustly enriched by its misconduct, and that the Court permanently enjoin Frutarom from using the Confidential Information or disclosing it to any third party.

## COUNT VIII
## UNFAIR COMPETITION

59.     Paragraphs 1 through 58 above are incorporated herein by reference.

60.     As described above, Frutarom has diverted business from PlusPharma by wrongfully using its Confidential Information.

61.     Thus, Frutarom has engaged in unfair competition with PlusPharma.

62.     Frutarom's unfair competition has resulted in actual legal damages to PlusPharma.

WHEREFORE, PlusPharma demands that judgment be entered in its favor in an amount to be determined at trial, currently believed to be at least several million dollars, together

with punitive damages, interest, costs, and such other and further relief as this Court deems appropriate, that the Court grant the equitable remedy of a constructive trust in favor of PlusPharma and against Frutarom, in an amount equal to the amount by which Frutarom has been unjustly enriched by its misconduct, and that the Court permanently enjoin Frutarom from using the Confidential Information or disclosing it to any third party.

## COUNT IX
## UNLAWFUL PRICE DISCRIMINATION

63.     Paragraphs 1 through 62 above are incorporated herein by reference.

64.     No reasonable substitutes are available for certain of the products that Frutarom sells.

65.     Thus, PlusPharma has attempted to purchase those products from Frutarom like any other buyer would in order to supply them at no extra charge to certain customers who regularly purchase other products from PlusPharma in the United States.

66.     However, Frutarom offered to sell the products to PlusPharma only at a substantially higher price than it charges when it sells them directly to PlusPharma's customers.

67.     Frutarom's actual sales at lower prices were all made in interstate commerce and the offer to PlusPharma at a higher price was also made in interstate commerce.

68.     Accordingly, Frutarom has violated the Robinson-Patman Act, 15 U.S.C. § 13(a), by discriminating in price between different purchasers of commodities of like grade and quality for reasons not associated with the costs of manufacture, sale, or delivery, where the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale within the United States, and where the effect of such discrimination

may be substantially to lessen competition and/or tend to create a monopoly in a line of commerce.

69.     By engaging in the course of conduct described above, Frutarom is unlawfully preventing PlusPharma from competing in the relevant product and geographic markets, and has injured and substantially lessened competition in those markets.

70.     PlusPharma's business has been injured as a direct result of Frutarom's unlawful conduct.

WHEREFORE, PlusPharma demands that judgment be entered in its favor for treble damages in an amount to be determined at trial, currently believed to be at least several million dollars before trebling, together with interest, costs, reasonable attorneys' fees and such further relief as this Court deems appropriate, that the Court grant the equitable remedy of a constructive trust in favor of PlusPharma and against Frutarom, in an amount equal to the amount by which Frutarom has been unjustly enriched by its misconduct, and that the Court permanently enjoin Frutarom from charging more to PlusPharma than it charges for the same products when it sells them directly to PlusPharma's customers.

RG574
Rudolph Garcia, Esquire
Attorney I.D. No. 25336
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102-2186
Phone: (215) 972-1961
Attorney for PlusPharma Incorporated

Dated:  May 24, 2005